NATHANIEL L. SIBLEY *vs.* JOHN S. ELLIS.

Open and adverse use for twenty years will establish a right of way, although the user began in a trespass.

ACTION OF TORT for breaking and entering the plaintiff's close in Weston. Answer, a right of way by prescription.

At the trial in the court of common pleas, the evidence tended to show that the defendant, and those under whom he claimed title, had used the way since 1819, and that this use originated in a trespass known to be such by them. *Mellen,* C. J. instructed the jury, that, to establish a right of way by prescription, the defendant must show that he, or those under whom he claimed, had used the way, with the knowledge of the owner of the land, for twenty years and upwards, uninterruptedly, adversely and under a claim of right; and that the use of the way, although originally known to be a trespass such as would at any time before the expiration of twenty years enable the owner to maintain an action of trespass, would after the expiration of twenty years ripen into a prescriptive right. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. Rutter,* for the plaintiff. An act known by the actor to be a trespass cannot be said to be done under a claim of right, and although continued for twenty years or more, does not ripen into a prescriptive right. *Sims* v. *Davis,* Cheves, 1. *Watt* v. *Trapp,* 2 Rich. 136. *Gibson* v. *Durham,* 3 Rich. 85. Gale & Whatley on Easements, 87, 92. The foundation of a prescriptive right is the presumption of a grant, but no grant can be presumed where the facts directly rebut such a presumption. *Campbell* v. *Wilson,* 3 East, 294. *Gayetty* v. *Bethune,* 14 Mass. 49. *Sumner* v. *Child,* 2 Conn. 610. *Parker* v. *Foote,* 19 Wend. 309.

*R. F. Fuller,* for the defendant, cited Rev. Sts. *c.* 60, § 21 ; *Sargent* v. *Ballard,* 9 Pick. 251 ; *Hill* v. *Crosby,* 2 Pick. 466 ; *Arnold* v. *Stevens,* 24 Pick. 110 ; *Coolidge* v. *Learned,* 8 Pick. 508 ; *Gayetty* v. *Bethune,* 14 Mass. 53 ; *Cook* v. *Babcock,* 11

Cush. 210 ; *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 244 ; *Parker* v. *Baldwin,* 11 East, 488 ; Gale & Whatley on Easements, 87, 92, 135 ; 1 Greenl. Ev. §§ 15, 17.

By the Court. The instructions were clearly right. The mere fact that the use of the way began in a trespass does not show that it was not continued under a claim of right; and under the instructions given the jury have found that the possession was continued under such circumstances.

*Exceptions overruled.*